LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 557-7491
Facsimile: (619) 557-5004

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>MUHAMMAD A. AZAM, AS PRESIDENT OF M.A. AZAM, M.D., INC.,<br><br>    Respondent. | Case No. 10 CV 1803 IEG   BGS<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br><br>Date: November 8, 2010<br>Time: 10:30 a.m.<br>Crtrm: 1<br>The Honorable Irma E. Gonzalez |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service (hereinafter "IRS") summons described below and, in support thereof, alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2. Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7602(b) and 7604(a), and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because Respondent, Muhammad A. Azam, as President of M.A. Azam, M.D., Inc., is found within this district.

///

4. At all times relevant, N. Ayrapetyan, who issued the summons to Respondent, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division in San Diego, California, and was authorized to issue the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. See Declaration of Revenue Officer N. Ayrapetyan at ¶ 1 (hereinafter "Ayrapetyan Decl.").

5. Respondent resides at 1221 Parker Place, Unit 23, San Diego, California, which is within the geographical jurisdiction of this Court, and can also be found in this district at 860 Jamacha Road, Suite 109, El Cajon, California, the taxpayer's office.

6. On February 17, 2010, Revenue Officer Ayrapetyan issued an IRS summons directing Respondent to appear before her on March 17, 2010, at 8:00 a.m. at 880 Front Street, Room 3295, in San Diego, California, to give testimony and to produce for examination the documents and records specified the summons. Ayrapetyan Decl. at ¶¶ 2, 3. The summons related to a determination of M.A. Azam, M.D., Inc.'s ability to pay the outstanding employment tax liabilities for tax quarters in 2007, 2008 and 2009. Id. On February 17, 2010, Revenue Officer N. Ayrapetyan personally served the summons on Respondent by handing him an attested copy of the summons. Id. at ¶ 4. Copies of the summons and certificate of service are attached to the Ayrapetyan Declaration as Exhibits A and B.

7. On March 17, 2010, Respondent did not appear before Revenue Officer Ayrapetyan in response to the summons and did not produce any of the testimony, books, papers, records, and other data sought by the summons. Id. at ¶ 5.

8. On March 23, 2010, attorney Sylvia L. Shaughnessy of the Office of Chief Counsel, IRS, sent a letter to Respondent providing him with another opportunity to comply with the summons and directing him to appear before Revenue Officer Ayrapetyan on April 14, 2010, at 1:30 p.m. at 880 Front Street, Room 3295, in San Diego, California. Id. at ¶ 6. A true and correct copy of the letter is attached to the Ayrapetyan Declaration as Exhibit C.

9. On April 14, 2010, Respondent did not appear before Revenue Officer Ayrapetyan and he did not provide any of the testimony, books, papers, records, and other data sought by the summons. Id. at ¶ 7.

///

10. To date, Respondent has not provided the IRS with the testimony and documents requested in the summons. Id.

11. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. Id. at ¶ 9.

12. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ..." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

13. Revenue Officer Ayrapetyan is conducting an investigation to determine M.A. Azam, M.D., Inc.'s ability to pay its outstanding FICA employment tax liabilities for tax quarters in 2007, 2008 and 2009. Ayrapetyan Decl. at ¶ 2.

14. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Therefore, Revenue Officer Ayrapetyan's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

15. Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS. Ayrapetyan Decl. at ¶ 8.

///

16. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

17. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summoned information may "throw light upon" the subject of the investigation. United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned records will be in determining the collectibility of a person's tax liability and whether a person has an income tax liability for a specific period. The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

18. Under the instant circumstances, it is clear that the summoned material is relevant. The purpose of Revenue Officer Ayrapetyan's investigation is to determine M.A. Azam, M.D., Inc.'s ability to pay its outstanding FICA employment tax liabilities for tax quarters in 2007, 2008 and 2009. Ayrapetyan Decl. at ¶ 2. The summons seeks information regarding the corporation's assets and liabilities, including, among other things, ". . . all bank statements, checkbooks, canceled checks, savings account passbooks, records, or certificates of deposit . . ." Id. at Exhibit A. The documents sought by this summons are relevant to the determination of M.A. Azam, M.D., Inc.'s ability to pay. Id. at ¶ 10.

19. There is no Department of Justice referral in effect with respect to Respondent or M.A. Azam, M.D., Inc. Id. at ¶ 11.

///

///

4

WHEREFORE, the United States requests that:

1. The Court enter an order directing the Respondent, Muhammad A. Azam, as President of M.A. Azam, M.D., Inc., to show cause, if any, why he should not comply with and obey the above-described summons (Ayrapetyan Decl. at Exhibit A) served on him on February 17, 2010, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Officer N. Ayrapetyan, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Officer Ayrapetyan or any other proper officer or employee of the IRS.

2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3. That the Court grant such other and further relief as may be required.

DATED: August 30, 2010

LAURA E. DUFFY
United States Attorney

*/s/ Caroline J. Clark*
CAROLINE J. CLARK
Assistant United States Attorney
Attorneys for Petitioner
E-Mail: caroline.clark@usdoj.gov

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
The United States of America

### DEFENDANTS
Muhammad A Azam, as President of M.A. Azam, M.D., Inc.

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
10 AUG 30 AM 9:48

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Caroline Clark, Assistant U.S. Attorney, Civil Division, Office of the U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known)
**10 CV 1803 IEG  BGS**  DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summons

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 08/30/2010
SIGNATURE OF ATTORNEY OF RECORD: *Caroline Clark*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

